1001-9626/9959/BoatUS/CNA/SEG

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## IN ADMIRALTY

THE CONTINENTAL CASUALTY
COMPANY,

Plaintiff,

# 05 - 11688 WGY

v.                                                        C.A. No.

ESTATE OF KENNETH J. MURRAY, **MAGISTRATE JUDGE** Dein
JOHN J. MURRAY as Personal
Representative of the Estate
of Kenneth J. Murray, ROBERT
BRUNISH, JOE MAZUREK, PAUL
HELMLE, and RICHARD WEZEO,

Defendants.

RECEIPT #
AMOUNT $ 250
SUMMONS ISSUED Y
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK. 40UM
DATE 8/15/05

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, THE CONTINENTAL CASUALTY COMPANY, by and

through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment

would respectfully state as follows:

### JURISDICTION AND VENUE

1.      This is an action for declaratory relief pursuant to Title 28 of the United States Code,

sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff

asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance.

2.      Venue lies within the District of Massachusetts as this cause arises out of a policy of

marine insurance delivered by Plaintiff to the insured named therein, the Defendant KENNETH J.

MURRAY, residing at P.O. Box 6551, New Bedford, MA 02742-6551.

595426v1

3.    This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4.    Plaintiff THE CONTINENTAL CASUALTY COMPANY, (hereinafter "CONTINENTAL) is a corporation organized and existing under the laws of the state of Illinois, having its office and principal place of business located at 40 Wall Street, New York, New York 10005.

5.    Upon information and belief, the Defendant ESTATE OF KENNETH J. MURRAY is the successor in interest to the decedent Kenneth J. Murray, and at all times relevant hereto the said decedent was a United States citizen and a resident of Massachusetts.

6.    Upon information and belief, the Defendant JOHN J. MURRAY as Personal Representative of the Estate of Kenneth J. Murray is a United States citizen and a resident of Massachusetts.

7.    Upon information and belief, the Defendant ROBERT BRUNISH is a United States citizen and a resident of Pennsylvania.

8.    Upon information and belief, the Defendant JOE MAZUREK is a United States citizen and a resident of Pennsylvania.

9.    Upon information and belief, the Defendant PAUL HELMLE is a United States citizen and a resident of Pennsylvania.

10.    Upon information and belief, the Defendant RICHARD WEZEO is a United States citizen and a resident of Pennsylvania.

## FACTUAL ALLEGATIONS

11.     On or about April 12, 2000, the decedent Kenneth J. Murray submitted to the Plaintiff's marine managers at Boat US Marine Insurance an application seeking insurance coverage for a 1988 25 ft Stieger Craft power vessel.

12.     A true and correct copy of the application submitted to the Plaintiff by the decedent Kenneth J. Murray is attached hereto as Exhibit "A."

13.     On the basis of and in reliance upon the material information disclosed in the aforesaid application, Plaintiff "CONTINENTAL" in exchange for good and valuable consideration issued to the decedent Kenneth J. Murray its policy of marine insurance no. 1524372-00. The coverage afforded by Plaintiff's original policy of marine insurance incepted on April 1, 2000 and terminated as of April 1, 2001.

14.     Beginning on April 1, 2001 and continuing up through and including April 1, 2005, the decedent Kenneth J. Murray renewed Policy no. 1524372, with each year's renewal being agreed to by the Plaintiff on the basis of and in reliance upon the material information disclosed in the original application attached hereto as Exhibit "A."

15.     The said policy of marine insurance affords Boat and Boating Equipment (Hull & Machinery) coverage in the amount of $13,000.00 for the 1988 25 ft Steiger Craft power vessel which was owned by the said decedent. The said policy of marine insurance affords Boating Liability (Protection & Indemnity) coverage in the amount of $500,000.00 for bodily injury or property damage for which an insured becomes liable to pay.

16.   A true and correct copy of the Declarations Page and policy language for the most recently issued policy, Plaintiff's Policy No. 1524372-05, is attached hereto as Exhibit "B."

17.   On or about June 19, 2005, Plaintiff's Policy No. 1524372-05 was in full force and effect, the decedent Kenneth J. Murray was operating the 1988 25 ft Stieger Craft power vessel off of Martha's Vineyard on the navigable waters of the United States. At the said time and location, Defendants ROBERT BRUNISH, JOSEPH MAZUREK, PAUL HELMLE and RICHARD WEZEO were paying passengers on board the 1988 25 ft Stieger Craft power vessel owned by the decedent Kenneth J. Murray.

18.   At the said time and location, an incident occurred involving the 1988 25 ft Stieger Craft power vessel owned by the decedent Kenneth J. Murray during which the said vessel capsized, thereby sustaining damage to its hull & machinery, and in which the Defendants BRUNISH, MAZUREK, HELMLE and WEZEO claim to have sustained serious and permanent personal injuries.

19.   As a result of the incident of June 19, 2005, the Defendants ESTATE OF KENNETH J. MURRAY and JOHN J. MURRAY as Personal Representative of the Estate of Kenneth J. Murray have made demand upon Plaintiff to accept coverage for damage that may have been sustained by the 1988 25 ft Stieger Craft power vessel insured under the terms of Plaintiff's policy no. 1524372-05.

20.   As a result of the incident of June 19, 2005, the Defendants BRUNISH, MAZUREK, HELMLE and WEZEO have made or it is reasonably believed will make claim against and/or has threatened to bring suit against the Defendants ESTATE OF KENNETH J. MURRAY and JOHN J.

MURRAY as Personal Representative of the Estate of Kenneth J. Murray as insureds under the terms of the Plaintiff's policy of marine Protection & Indemnity insurance.

21.    As a result of the accident of June 19, 2005 and the claims that either have or might be asserted against them by BRUNISH, MAZUREK, HELMLE and WEZEO, the Defendants ESTATE OF KENNETH J. MURRAY and JOHN J. MURRAY as Personal Representative of the Estate of Kenneth J. Murray have made demand upon Plaintiff CONTINENTAL for defense and indemnity under the terms of Policy No. 1524372-05 attached hereto.

22.    After receiving the said Defendants' demand for acceptance of coverage, and for defense and indemnity, Plaintiff caused an investigation to be conducted into the facts and circumstances surrounding the incident of June 19, 2005 and the Defendants' demands for coverage for such alleged claims.

23.    As a result of the investigation which Plaintiff caused to be conducted into the facts and circumstances pertaining to the incident of June 19, 2005, Plaintiff has determined that there is no coverage under the policy of marine insurance.

24.    *Inter alia*, Plaintiff has determined that the decedent Kenneth J. Murray was engaged in chartering the 1988 25 ft Stieger Craft power vessel insured under the terms of Plaintiff's Policy No. 1524372-05 prior to and at the time of the incident of June 19, 2005.

25.    Despite the lack of any coverage for any aspect of the potential claims arising out of the incident of June 19, 2005, the Defendants ESTATE OF KENNETH J. MURRAY and JOHN J. MURRAY as Personal Representative of the Estate of Kenneth J. Murray have continued to demand

that Plaintiff agree to provide them with a defense and indemnification against the uncovered claims
that may be or that have been asserted by BRUNISH, MAZUREK, HELMLE and WEZEO.

26. Despite the lack of any coverage for any aspect of the damage that may have been
sustained by the 1988 25 ft Stieger Craft power vessel insured under the terms of Plaintiff's policy
no. 1524372-05, potential claims arising out of the incident of June 19, 2005, the Defendants
ESTATE OF KENNETH J. MURRAY and JOHN J. MURRAY as Personal Representative of the
Estate of Kenneth J. Murray have continued to demand that Plaintiff agree to accept coverage
therefor.

## FIRST CAUSE OF ACTION

27. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 11
through 26 as if set forth fully herein.

28. Plaintiff's Policy No. 1524372-05 states, in pertinent part:

**General Conditions**

Fraud and Concealment

There is no coverage from the beginning of this policy if you or your
agent has omitted, conceal ed, misrepresented, sworn falsely, or
attempted fraud in reference to any matter relating to this insurance
before or after any loss.

29. The application submitted by the decedent Kenneth J. Murray in order to obtain the
coverage afforded by Plaintiff's policy of marine insurance, which application is attached hereto as
Exhibit "A," asks "Private Pleasure Use Only?" and in response to the said query the decedent
Kenneth J. Murray responded by placing a check mark in the box marked "YES."

595426v1                                6

30.     Plaintiff's post-incident investigation has revealed that contrary to the material information disclosed on the application with regard to private pleasure use of the vessel, the decedent Kenneth J. Murray was actively engaged in commercial chartering and use of the 1988 25 ft Stieger Craft power vessel. Had the said decedent disclosed the material information with respect to the commercial use and/or operation of the vessel, the Plaintiff would not have agreed to issue it Policy no. 1524372-00, and/or any subsequent year's policy or renewal, including Policy no. 1524372-05.

31.     Notwithstanding the fact that Plaintiff's policy of marine insurance does not afford any coverage for the claims that either have been or which might potentially be asserted by the Defendants BRUNISH, MAZUREK, HELMLE and WEZEO in connection with the incident of June 19, 2005 described herein, the Defendants ESTATE OF KENNETH J. MURRAY and JOHN J. MURRAY as Personal Representative of the Estate of Kenneth J. Murray have continued to make demand upon Plaintiff for defense and indemnification under the Boating Liability coverage which would otherwise be afforded under Policy No. SB2003202.

32.     Notwithstanding the fact that Plaintiff's policy of marine insurance does not afford any coverage for damage that the 1988 25 ft Stieger Craft power vessel might have sustained as a result of or in connection with the incident of June 19, 2005 described herein, the Defendants ESTATE OF KENNETH J. MURRAY and JOHN J. MURRAY as Personal Representative of the Estate of Kenneth J. Murray have continued to make demand upon the Plaintiff to agree to pay for damage suffered by the 1988 25 ft Stieger Craft power vessel under the Boat and Boating Equipment coverage which would otherwise be afforded under Policy No. SB2003202.

33.     As a result of the said Defendants' demands for defense and indemnification, and/or

for coverage for damage to hull and machinery, under the terms of the policy of marine insurance

attached hereto, notwithstanding the fact that any such defense and indemnification and/or coverage

for damage to hull and machinery would not be covered under the terms of the said policy, Plaintiff

has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage

afforded under Policy No. 1524372-05. Until such time as Plaintiff is able to have its rights and

responsibilities under the policy of marine insurance construed by this Court, the Plaintiff will suffer

uncertainty with regard to its responsibilities and obligations under the terms of the said policy.

34.     As a result of the Defendants' demands under the terms of the policy of marine

insurance attached hereto, and as a result of the Defendants' aforesaid demands for defense and

indemnification and/or for coverage for hull and machinery damage, despite the clear and

unambiguous policy terms described herein, a real and justiciable issue exists with regard to the

existence of valuable rights under the policy of marine insurance, and a *bona fide*, actual and present

dispute exists calling for this Court's declaratory judgment.

SECOND CAUSE OF ACTION

35.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 11

through 26 as if set forth fully herein.

36.     Plaintiff's Policy No. 1524372-05 states, in pertinent part:

**General Conditions**

Private Pleasure Limitation

> There is no coverage during any period of chartering, leasing or commercial use or exhibition unless you have prior written permission from us.

37.    The application executed by the decedent Kenneth J. Murray on April 12, 2000 states,

in pertinent part:

### Special Conditions, Requirements And Coverages

> The coverage quoted above is for private pleasure only. Use of the boat for charter or any other commercial purpose will void the policy.

38.    Plaintiff's post-incident investigation has revealed that at the time of the incident of

June 19, 2005, the decedent Kenneth J. Murray was actively engaged in chartering and commercial

use of the 1988 25 ft Stieger Craft power vessel, in direct breach of the express provision against

such commercial use set forth in the Plaintiff's Policy no. 1524372-05.

39.    Notwithstanding the fact that Plaintiff's policy of marine insurance does not afford

any coverage for the claims that either have been or which might potentially be asserted by the

Defendants BRUNISH, MAZUREK, HELMLE and WEZEO in connection with the incident of June

19, 2005 described herein, the Defendants ESTATE OF KENNETH J. MURRAY and JOHN J.

MURRAY as Personal Representative of the Estate of Kenneth J. Murray  have continued to make

demand upon Plaintiff for defense and indemnification under the Boating Liability coverage which

would otherwise be afforded under Policy No. SB2003202.

40.    Notwithstanding the fact that Plaintiff's policy of marine insurance does not afford

any coverage for damage that the 1988 25 ft Stieger Craft power vessel might have sustained as a

result of or in connection with the incident of June 19, 2005 described herein, the Defendants

ESTATE OF KENNETH J. MURRAY and JOHN J. MURRAY as Personal Representative of the

Estate of Kenneth J. Murray have continued to make demand upon the Plaintiff to agree to pay for damage suffered by the 1988 25 ft Stieger Craft power vessel under the Boat and Boating Equipment coverage which would otherwise be afforded under Policy No. SB2003202.

41.     As a result of the said Defendants' demands for defense and indemnification, and/or for coverage for damage to hull and machinery, under the terms of the policy of marine insurance attached hereto, notwithstanding the fact that any such defense and indemnification and/or coverage for damage to hull and machinery would not be covered under the terms of the said policy, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under Policy No. 1524372-05. Until such time as Plaintiff is able to have its rights and responsibilities under the policy of marine insurance construed by this Court, the Plaintiff will suffer uncertainty with regard to its responsibilities and obligations under the terms of the said policy.

42.     As a result of the Defendants' demands under the terms of the policy of marine insurance attached hereto, and as a result of the Defendants' aforesaid demands for defense and indemnification and/or for coverage for hull and machinery damage, despite the clear and unambiguous policy terms described herein, a real and justiciable issue exists with regard to the existence of valuable rights under the policy of marine insurance, and a *bona fide*, actual and present dispute exists calling for this Court's declaratory judgment.

WHEREFORE, Plaintiff demands Judgment from the Court:

(A)     Declaring that the relationship of insurer and insured does not exist between Plaintiff and these Defendants with respect to the incident which took place on June 19, 2005 as described herein;

(B)     Declaring that Plaintiff's Policy No. 1524372-05 does not afford Liability Coverage
        to any of the Defendants named herein for the incident which took place on June 19,
        2005 as described herein;

C)      Declaring that the Defendants' claims for any damages alleged to have been
        sustained as a result of or during the incident of June 19, 2005 as described herein are
        excluded by the express terms of Plaintiff's Policy No. 1524372-05;

(D)     Declaring that Plaintiff has no obligation or duty to provide a defense or to indemnify
        any of the Defendants named herein for any matter or reason associated with or
        arising out of or in any manner related to the incident which took place on June 19,
        2005 as described herein;

(E)     Declaring that Plaintiff's Policy No. 1524372-05 does not afford coverage to any of
        the Defendants named herein for any hull and machinery damage that might have
        been sustained by the 1988 25 ft Stieger Craft power vessel arising out of or in any
        manner related to the incident which took place on June 19, 2005 as described herein;

(F)     Declaring that Plaintiff's Policy No. 1524372-05 is void for misrepresentation of
        material facts.

(G)     Declaring that Plaintiff's Policy No. 1524372-05 is void for breach of an express
        warranty.

(H)     Any and all such other and further relief as the Court may proper and appropriate in
        the premises.

Dated:  August      , 2005
        Boston, Massachusetts

11

MORRISON MAHONEY
Attorneys for Plaintiff
250 Summer Street
Boston, Massachusetts
Tel (617) 439-7500
Fax (617) 439-7590

By: _____

GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, FL 33301
(954) 356-0460




**MARINE INSURANCE APPLICATION**
1-800-283-2883  Fax: 703-461-2840

APPLICATION #1524372-00
04/06/2000

## IMPORTANT NOTICE:

**IT IS CRITICAL THAT YOU CORRECT WRONG INFORMATION, COMPLETE ANY INFORMATION OMITTED, SIGN AND DATE THE BACK OF THIS FORM AND RETURN IT PROMPTLY**  APR 25 2000

### WHO

Owner(s) __Kenneth J Murray__   Home Tele. __(508)999-4999__

Res. Address __P O Box 6551__   Office Tele. __(508) 990-0226__

Date of Birth __07/11/1950__

City __New Bedford__   State __MA__   Zip __02742-6551__   Soc. Sec. No. __032386336__

Driver's License No. __032386336__   State __MA__   Member No. __745535__

Occupation __REAL ESTATE AGENT__

How Many Years Experience   As Owner __30__   As Operator __30__

Boating Education  USPS ☒   USCGA☒   Other☒ USCG OUPV CAPT. LIC.   Active Member USPS☐   USCGA☒   Coxswain ☐

List all automobile and/or boating violations, accidents or license suspensions in the past 3 years. IF NONE, CHECK HERE ☒

### WHAT

Boat Model Year __1988__   Length __25__   Beam __9__   Boat Name __Last Call__

Make/Builder __Stieger Craft__   Model __BLOCK ISLAND__

Hull Type: Cruiser☒ Runabout☐ Trawler☒ Pontoon☐ Bass☐ Houseboat☐ PWC☐ Sail☐ Aux.Sail☐ Multihull☐ Other☐

Hull Material __Fiberglass__   Power Type __Outboard__   Hull ID __PSW25165H788__

Doc.No. _____   Reg.No. __MS 3 KM__   No. of Engines __1__

Engine(s) Model Yr. __1996__   HP Total __225__   Gas ☒   Diesel ☐

PWC-Total CC's _____   Speed __35__   Boat Purchase Price $ __23,000__

Boat Purchase Date __02/01/1988__   Trailer Year _____   Trailer Make _____

Trailer Purchase Price $ __None__   Trailer Purchase Date _____

List all claims or losses to boats or from liability in the past 3 years. IF NONE, CHECK HERE ☒ _____

Prior Company _____   Prior Premium $ _____   Insurance ever cancelled or refused? Yes ☐ No ☒

If Yes, explain _____

| All Regular Operator's Names | Birth Date | Relation | Experience | Driver's Lic No./State | Violations |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

## SIGNATURE REQUIRED ON REVERSE SIDE

V1 < 0029 >

## WHERE

Private Pleasure Use Only? Yes ☒  No ☐     If No, type of charter or business _____

Is Boat used for Racing?    Yes ☐  No ☒     If Yes, approximate % of racing _____  Types of races _____

Cruising Area   U.S. Atlantic Coastal Waters excluding Florida Waters

Location of Boat   Seaport Marina                Address    Middle St.

City   Fairhaven               State  MA    ZIP   02719          Phone _____

## HOW

If financed, list lender name and complete mailing address. **REQUIRED BY YOUR BANK.**

Lender Name _____  Account No. _____

Address _____

City _____  State _____  Zip + 4 _____

## COMMENTS

_____

_____

_____

_____

## SPECIAL CONDITIONS, REQUIREMENTS AND COVERAGES

Current photographs of your boat.

This quotation is offered with the understanding that you have had no losses or accidents since your previous quotation, and that the boat is in sound and seaworthy condition.

The coverage quoted above is for private pleasure only.  Use of the boat for charter or any other commercial purpose will void the policy.

**IMPORTANT!**
Remember, to keep your coverage in force, complete, sign & return this application immediately. Thank You.

*While my signature verifies this information to be true, this application does not bind me to accept insurance, nor does it bind BoatU.S. or the Insurance Company to accept me as an applicant for insurance. If I accept, I hereby authorize any company, credit bureau, or Department of Motor Vehicles that has knowledge of me to give such information to BoatU.S. Underwriting to be used for BoatU.S. insurance purposes only. Omitting, misrepresenting or stating information falsely on this application constitutes insurance fraud, voids all coverage, and is subject to criminal and civil penalties.*

SIGNATURE: _Kenneth J. Murray_          DATE: 4-12-00

*Questions? Call 1-800-283-2883  Fax: 703-461-2840*

Mail to: BoatU.S. Marine Insurance, 880 S. Pickett St., Alexandria A 22304



Issued through

**BoatU.S.**
BOAT OWNERS ASSOCIATION OF THE UNITED STATES
880 S. Pickett Street
Alexandria, VA 22304

# COAST GUARD AUXILIARY
## YACHT POLICY

### DECLARATIONS PAGE



Issued by

CNA Marine
Home Office: New York, New York

| | |
|---|---|
| Named Insured and Address | 00745535<br>KENNETH J MURRAY<br>P O BOX 6551<br>NEW BEDFORD    MA 02742-6551 |

Policy No.    1524372-05 REN

BWP

Policy Period: From  04/01/2005  to  04/01/2006  beginning and ending at 12:01 A.M. at the address of the Insured on this page.

Company: THE CONTINENTAL CASUALTY COMPANY
A MEMBER OF THE CNA GROUP OF COMPANIES

Upon the Yacht ___ 1988 __ STIEGER CRAFT ___ 25 ___ CRUISER ___ PSW25165H788
       YEAR    MANUFACTURER    LENGTH    TYPE    IDENTIFICATION NUMBER

### COVERAGE IS PROVIDED ONLY WHERE AN AMOUNT OF INSURANCE IS SHOWN.

| | COVERAGES | AMOUNT OF INSURANCE/LIMITS | | PREMIUM |
|---|---|---|---|---|
| A | Boat and Boating Equipment | Amount of Insurance and Agreed Value | $ 13,000 | Incl |
| A1 | Investigative Services | Limit Each Boat | $ 5% of Coverage A | Incl |
| B | Boating Liability "Protection & Indemnity" | Liability Limit Each Accident, Bodily Injury & Property Damage | $ 500,000 | Incl |
| B1 | Fuel and Other Spill Liability | Limit Each Accident | $ 500,000 | Incl |
| C | Longshore and Harbor Worker's Compensation | Limit of Liability | $ Statutory | Incl |
| D | Medical Payments | Limit Per Person Each Accident | $ 10,000 | Incl |
| E | Boat Trailer | Amount of Insurance and Agreed Value | $ None | N/A |
| F | Personal Effects | Amount of Insurance | $ 3,000 | Incl |
| G | Uninsured Boater | Limit Each Accident | $ 500,000 | Incl |

FORMS AND ENDORSEMENTS made a part of this Policy at time of issue:
E502

| | | |
|---|---|---|
| Total Premium | $ | 473 |
| 10 % No-Loss Credit | $ | 47 |
| Net Annual Premium | $ | 426 |

Warranted that the Insured is an active member of the C.G. Auxiliary.

DEDUCTIBLES:    $250  Applicable to Boat and Boating Equipment, Coverage "A" only
                $50  Applicable to Boat Trailer, Coverage "E" only
                $50  Applicable to Personal Effects, Coverage "F" only

CRUISING LIMITS: While afloat, warranted the insured Yacht shall be confined to the waters indicated below:
U.S.  ATLANTIC COASTAL WATERS EXCLUDING FLORIDA - Atlantic coastal
and inland waters tributary thereto of the U.S. and Canada between
St. John, New Brunswick and Jacksonville, Florida, inclusive.

Loss, if any, payable to Named Insured and the Loss Payee printed below, as their interests may appear.

FEB 2 6 2005

Countersigned this date ___ 02/26/2005 ___    Agent _Lionel V. Ashbury_
<RF085B>                                BoatU.S. FILE COPY



# Welcome Aboard!

**BoatUS**

We are delighted that you are participating in the BoatUS Marine Insurance Program. The policy you are holding is designed by and especially for a recreational boat owner like you.

The policy booklet explains, in plain language, what you as the policyholder, can expect the insurance company to provide in the event of an accident involving your boat. It also explains your duties and responsibilities.

the declarations page (included in this mailing) contains the values, limits, dates and special endorsements that apply to your individual policy coverage.

The professionals at BoatUS, understand what boat ownership and boating mean to you. The best service available will be there when you need it. Call us toll free, any working day any time you have a question: 1-800-283-2883.

**TO REPORT A CLAIM, 7 DAYS A WEEK:**

**1-800-937-1937**

In the event of an Accident:

• Seek to preserve life
• Do not discuss fault or cause.
• Notify the appropriate local officials.
• Notify BoatUS immediately.

This Message does not change, modify or invalidate any of the terms or conditions of your policy. Please read your entire policy and especially read your attention to the policy limits and exclusions.

# Yacht Policy

## Table of Contents

Declarations Page and any Endorsements ...................................................... Insert

Insuring Agreement ....................................................................... 1

In the Event of a Loss .................................................................... 1

Coverage A ................ Boat and Boating Equipment. ............................. 2
Coverage A1 ............... Investigative Services. .................................... 
Coverage B ................ Boating Liability. ......................................... 4
Coverage B1 ............... Fuel and Other Spill Liability. ............................ 4
Coverage C ................ Longshoremen's and Harbor Workers' Compensation. .......... 5
Coverage D ................ Medical Payments. ........................................ 6
Coverage E ................ Boat Trailer. ............................................. 6
Coverage F ................ Personal Effects. ......................................... 7
Coverage G ................ Uninsured Boater. ........................................ 7
General Conditions. ........................................................................ 8

## Quick Reference Guide

Agreed Hull Valuation. ........................ 2      Land Transportation: see "Boating Equipment
Boat Damage. ................................. 2          Covered" and Coverage B exclusions
Boating Equipment Covered. ................... 2      Liability/Lawsuits. ............................. 4
Cancellation. ................................. 8      Longshoremen's and Harbor Workers' Compensation. ... 6
Chartering — Private Pleasure Limitation. ....... 1      Medical Payments. ........................... 6
Claims: What to Do. .......................... 1      Newly Acquired Boats. ....................... 1, 2
Consequential Damages. ...................... 2      Operating Other Boats. ....................... 1, 2
Deductible — Boating and Boating Equipment ... 3      Personal Property. ........................... 6, 7
          Trailer. ............................. 6      Property Damage Liability. .................... 3, 4
          Personal Effects. .................... 7      Repair Guarantee. ........................... 3
Definitions. .................................. 3      Repairs to Your Boat. ......................... 3
Dinghy. ..................................... 1      Sale of Boat and Trailer. ...................... 6
Exclusions: see "General Conditions"                 Size and Labor Coverage. ...................... 3
          and specific Coverages above              Trailer. .................................... 6
Fuel Spill. .................................. 5      Uninsured Boater. ........................... 7
Governmental Seizure. ....................... 9      Use of Boat - Private Pleasure Limitation. ....... 1
Insuring Agreement. .......................... 1      Wreck Removal Coverage. ..................... 5
Investigative Services. ........................ 4

# Yacht Policy

**Insuring Agreement**

We will provide the coverages shown on the Declarations Page, contained in this policy and any endorsements, for any covered loss that occurs during the policy period, on the condition that you pay the premium and comply with the policy provisions.

**Definitions**

In this policy, "we", "us", and "our" refer to the Company providing this insurance. "You", "your", and "insured" mean any insured named on the Declarations Page, a member of the immediate family (including spouses and children of any insured named on the Declarations Page, and any other person or organization using the insured boat with your permission and without compensation. No boating livery coverage is provided for a paid master or paid crew member of yours or of the insured boat, or for any person, organization or agent operating a repair yard, marina, yacht club, sales or chartering agency or other marine business. However, you are covered for your legal lia-

bility arising out of any damage caused to others by a non-insured person, organization or agent.

"Family Member" is defined as any member of the named insured's household.

"Insured boat" and "the boat" refer to the boat which is named on the Declarations Page, or to a "Newly Acquired Boat" which you purchase during the policy period provided you notify us in writing within thirty (30) days of purchase of this newly acquired boat and pay any additional premium. We reserve the right to cancel this coverage on the newly acquired boat or to require further conditions for continued coverage. A newly acquired boat that be deemed the insured boat for all purposes except valuation.

"Obsolete" or "Obsolescence" is defined as the loss of value due to changes in technology, not physical loss or damage, which render the item no longer useful, including but not limited to computer and other software and hardware.

═══════ In The Event of A Loss ═══════

**To You—"Sue and Labor Coverage"**

A. Immediately, upon a loss, you must:

1. Take all necessary steps to protect the boat and its equipment from further loss. We will pay the reasonable costs you incur in preventing further damage ("Sue and Labor Expense"). If the loss is covered under Coverage A of this policy, this Sue and Labor Coverage is in addition to those coverage indicated under Coverage A. We do not cover your labor or personal expense not any amount in excess of the Agreed Hull Value.

2. Give us immediate notification of the loss and its circumstances.

B. Following a loss you must:

1. Give us the opportunity to inspect the damaged boat or equipment before it is repaired or discarded.

2. Submit a statement describing the loss and any records

needed to verify the loss, its amount, and your interest in any property lost.

3. Assume no obligation, admit no liability and incur no expense to which you or the Company may be liable without our written permission, other than reasonable expenses incurred to protect the property from further damage.

4. Immediately notify us about and forward to us any legal papers or notices received in connection with the loss.

5. Cooperate with us in the investigation, defense or settlement of any loss, and agree to be examined under oath if we so request.

6. Allow examination by physicians of our choice, when pertinent to the loss.

7. Help us to obtain copies of medical reports and records.

8. Give us a first notarized statement ("Proof of Loss"), if requested.

1

=== to the Event of A Loss Continued ===

**Right to Recover**

You may have the right to recover from another party who is responsible for your loss or loss to the insured boat. If we pay your loss under this policy, the right of recovery will belong to us up to the amount that we have paid you. If you take any action that impairs our right to recover, we can consider this policy void and without effect as to such loss.

**...ment Of Loss**

After we receive all statements and supporting papers we will promptly process your claim. Upon agreement with you of the amount to be paid, we may ask you to complete a notarized Proof of Loss. After submission of the Proof, payment will be issued to you and any lienholder and/or repair yard. Your cooperation is needed to expedite settlement and payment. If you do not provide any requested papers within a year of the loss the claim may be voided.

=================== Coverage A - Boat and Boating Equipment ===================

**...at and Where Covered**

If an amount is shown for Coverage A on the Declarations Page, we will cover the insured boat including its hull, machinery, outboard motors, sails, spars and furniture. We also cover boating equipment regularly carried aboard which is considered normal for the safe operation and marine maintenance of the boat as well as a dinghy if it is used solely as a tender to the boat, and computer hardware and software up to a maximum limit of $5000.00. Coverage is provided:

A. while the boat is afloat within the navigational area shown on the Declarations Page; and

B. while the boat or its equipment is ashore or being transported by land conveyance in the United States or Canada.

Personal items (e.g. scuba and fishing gear, sporting goods, clothing, portable televisions and stereos, cameras), fuel and consumables (food, ice, beverages) are not included. However, personal items are covered for an amount as shown for Coverage F - Personal Effects on the Declarations Page.

shall be valued at the amount shown on the Declarations Page or any endorsements. The Hull value for a newly acquired boat and/or the verifiable purchase price not to exceed $250,000 and its boating equipment value shall be limited to 6% of the boat's purchase price. There values shall remain in effect until cancellation or until we issue you a new Declarations Page or any new endorsement.

**...and Loss... Covered**

We will pay for direct physical damage to the insured property from any accidental cause including theft or vandalism. We do not pay for any intangible loss, such as loss of use or value or obsolescence. All coverages are subject to the limitations and exclusions of the policy.

**...ed Hull Value**

We agree with you that the insured boat and other covered property

**...lusions**

This insurance does not cover:

A. any loss caused directly or indirectly by wear and tear, gradual deterioration, mechanical breakdown, rot, corrosion, weathering, marine borers, denting, vermin or marine life; however, we will cover consequential physical damage to insured property resulting from any fire, sinking, demasting, collision or stranding;

B. any loss or damage caused by or resulting from blistering or osmosis;

C. any cost of repair or replacement of a part which is or as a result of a defect in manufacture or construction; however, we will cover consequential physical damage that results from such failure if not otherwise excluded;

D. any loss caused directly or indirectly by ice or freezing;

E. any loss, damage, expense or cost of repair arising out of incomplete, improper or faulty repair except as provided by the Repair Guarantee below;

F. any liability for wages or provisions furnished to master or crew; or

2



## Exclusions Continued:

G. any loss, damage or expense caused intentionally by, with the knowledge of or resulting from criminal wrongdoing by any insured.

=== Roof and Boating Equipment ===

## Amount Paid To You In Event Of Loss

In the event of:

A. **Total or Constructive Total Loss**

We will pay you the Agreed Hull Value as defined by this policy if the boat is lost absolutely, or if the reasonable cost of repair exceeds the Agreed Hull Value. We reserve the right to declare the boat a constructive total loss and pay you the Agreed Hull Value in full. In our judgment costs of salvage and/or repair exceed such value. We are not obligated to accept or abandon. If we pay you the Agreed Hull Value, we have the right to the insured property.

B. **Repairs or Partial Loss**

We will pay the reasonable cost of repairs with depreciation applied to repair or replacement of the following items: paint and finishes, protective covers, fabric or sails.

Depreciation shall also apply to outdrive units, outboard motors and gel coat, beginning with the sixth year from the year of manufacture, and to internal machinery beginning with the eleventh year from the year of manufacture.

However, if used or remanufactured parts are available and you agree to accept such used or remanufactured parts, depreciation will not apply. In the event of damage to plywood, plastic, fiberglass, metal, cement, or other molded material, we are obligated to pay only the economical cost of repairing the damaged area, in accordance with quality marine repair practice. We have the option to make, or reimburse you for, repairs or replacements, or to pay you directly based on an agreed estimate of loss. Repairs and replacements will be made with like kind and quality.

C. **Unrepaired Damage**

We do not cover any previously unrepaired damage.

D. **Repair Guarantee**

In the event of repairs for any covered loss or damage, if you

=== Deductible ===

The deductible amount shown on the Declarations Page will apply to each loss. However, it will not apply in the event of a total or constructive total loss.

=== Salvage Charges ===

In the event of a salvage of the boat or its equipment, charges are limited to an amount not to exceed the Agreed Hull Value as defined by this policy.

have such work performed at a facility recommended by us and in accordance with the method of repair approved by us, your bill be covered for any additional repairs due to faulty workmanship or labor discovered damage for as long as you own the boat and insure it with us. No deductible will apply to these additional repair costs. This coverage is limited to the types of losses covered under the policy. We reserve the right to select the facility to perform any additional repairs.

E. **Appraisal and Dispute**

If you have met the requirements and conditions of the policy, and if the amount of a covered loss is still in dispute, you or we may demand an appraisal of such loss. Each will choose and pay a competent appraiser. The appraisers will pick a third person to settle any differences. Each appraiser will state separately the amount of loss. The amount we will pay will be the amount agreed to in writing by two of these appraisers less the applicable deductible shown on the Declarations Page.

3

=== Boating Liability Continued ===

**[...]oval Of Wreck**

We will pay for the removal or disposal of the wreck of the insured boat if you are legally obligated to do so even if such attempts to remove the wreck fail.

**[...]lusions**

We do not provide liability coverage for:

A. liability which has been assumed by an insured under a contract or agreement, or any breach of contract; however, we will cover an insured's legal liability for personal injury or property damage assumed under a written boat storage or slip (rental) contract or agreement;

B. property damage to the boat on land;

C. bodily injury or property damage arising out of an insured or passenger involved in water skiing from an insured boat;

D. bodily injury or property damage caused by or resulting from

an intentional act of an insured, any claim for punitive damages, or any fine, penalty or costs of defense arising out of a criminal or civil violation of law or assessment by a governmental authority;

E. injuries for which benefits are required to be provided or are available under any state or federal compensation law or act; or,

F. cost of the containment, clean-up and resulting property damage and assessments related to the discharge, leakage or spillage of petroleum products, chemicals or other substances of any kind or nature.

**[...] Of Liability**

The amount shown for Boating Liability on the Declarations Page is the most we will pay under Coverage B, regardless of the number of insured or injured persons, claims made, or boats involved in any one occurrence, or series of occurrences arising out of the same event. Boating liability coverage for any claim or number of claims against an insured by any family member(s) shall be limited to $25,000 per accident.

=== Coverage B1 - Fuel and Other Spill Liability ===

"Fuel Spill" means the unintended discharge, leakage or spillage of petroleum products, chemical or other substances of any kind or nature.

**Coverage Provided**

If an amount is shown for Coverage B1 on the Declarations Page, we will pay up to that amount for the containment, clean-up and resulting property damage and assessments related to any Fuel Spill from the insured boat for which any insured person becomes legally liable through the ownership, maintenance or use of the insured boat. We will settle or defend, as we consider appropriate, any claim or suit which asks for these covered expenses and/or damages. We will also pay for an attorney we select to defend you. Once we have paid the limit of liability for containment, clean-up, resulting property damage and/or assessments related to a Fuel Spill, our obligation to pay any damages or to provide you with a defense ends.

The additional coverage will not apply if an insured fails to reduce damages or refuses:

1. to report the incident giving rise to liability as required by law

**[...]usions**

We do not provide any coverage under this section for:

A. liability which has been assumed by an insured under any contract or agreement;

B. liability arising out of the transportation of the boat on land;

C. liability caused by or resulting from an intentional act or willful misconduct of an insured, any claim for punitive damages or any fine, penalty or costs of defense arising out of a criminal or civil violation of law;

D. liability arising out of the discharge, emission, spillage or leakage of any radioactive material or substance of any kind; or,

E. liability for bodily injury.

2. to provide all reasonable cooperation and assistance requested by a responsible corporation and assistance with containment and clean-up activities.

and the insured knows or has reason to know of the incident; or

6

AUG 27 2003 03:06

Hull and Other Spill Liability Continued

### Limit of Liability

The amount shown for Hull and Other Spill Liability on the Declarations Page is the most we will pay under Coverage B1, regardless of the number of insureds, claims made, or boats involved in any one accident.

dent, or series of accidents arising out of the same event, Hull and Other Spill Liability coverage for any claim or number of claims against an insured by any family member(s) shall be limited to $25,000 per accident.

=== Coverage C - Longshoremen's And Harbor Workers' Compensation ===

If an amount is shown for Coverage B, we will pay damages up to that limit for any liability and costs of defending such liability which you, as

owner of the insured boat, incur during the term of this policy under the Federal Longshoremen's and Harbor Workers' Compensation Act.

=== Coverage D - Medical Payments ===

### Coverage Provided

If an amount is shown for Coverage D on the Declarations Page, we will pay the necessary medical and funeral expenses resulting from a bodily injury to you or others occurring while in, upon, boarding, or leaving the insured boat as well as injury to an insured or guest water

agreement;
B. anyone who is injured while the boat is being transported by land;
C. injury to a trespasser on the boat;
D. anyone involved in participating in a race along from the insured boat;

### Coverage E - Boat Trailer

### Coverage Provided

If an amount is shown for Coverage E on the Declarations Page, we will pay for all direct physical damage to the trailer from any accidental loss. We do not pay for any intangible loss, such as loss of value or use. In the event of a total loss, we will pay the cost of repair less the deductible. In the event of a total loss, we will pay the Agreed Trailer Value shown on the Declarations Page. The deductible will not apply in the event of a total or constructive total loss.

### Limit of Liability

The applicable limit is per person for each person injured in the same event regardless of the number of persons involved or claims made.

Agreed Trailer Value, we have a right to the salvage. This coverage is excess over any other available insurance for the trailer.

In addition we will cover any direct physical loss to any newly acquired boat trailer, less the deductible, provided that you notify us within thirty (30) days of purchase of this newly acquired boat trailer and pay any additional premium. We reserve the right to cancel this coverage on the newly acquired boat trailer, or to require further conditions for continued coverage. The value of a newly acquired boat trailer shall be

along from the insured boat. These expenses must be incurred within one year from the date of the accident. If there are any other available medical benefits to the injured person, this coverage will be excess over such other insurance.

### Exclusions

We do not provide Medical Payments coverage for:
A. responsibility assumed by an insured under any contract or

E. an insured's employees or a paid Captain or crew; or
F. injuries for which benefits are required to be provided or are available under any state or federal compensation law or act.

6

FROM :          PHONE NO. :

AUG 06 2003 08:47    6125566292    PAGE.15

## Boat Trailer Continued

**Coverage Provided Continued:**

the verifiable purchase price.

**Exclusions**

We will not pay for any loss caused directly or indirectly by, wear and tear, gradual deterioration, mechanical or electrical breakdown or

failure, corrosion or rust. We do not cover liability defense or damages for property or bodily injury for which the insured becomes liable through ownership, maintenance or use of the trailer.

## Coverage F - Personal Effects

**Coverage Provided**

If an amount is shown for Coverage F on the Declarations Page, we will pay for all direct physical damage to your personal effects from any accidental cause. We do not pay for any intangible loss, such as loss of value or use. This coverage only applies to property owned by the insured named on the Declarations Page and the immediate family, and only while the property is aboard the boat or being loaded or unloaded from the boat.

We will pay the actual cash value of the property at the time of the

loss or the amount shown on the Declarations Page whichever is lower, less the deductible. In any one incident or accident, we will not be

liable for personal effects beyond the amount shown on the Declarations Page regardless of the number of persons involved or claims made in the accident.

**Exclusions**

We do not provide Personal Effects coverage for loss or damage caused directly or indirectly by; wear and tear, gradual deterioration, mechanical or electrical failure or disturbance, corrosion, dampness, temperature changes, obsolescence or mysterious disappearance. This insurance does not cover currency, jewelry, furs, china, silver, valu-

able papers, documents, consumables, antiques, collections, personal watercraft or other boats.

## Coverage G - Uninsured Boater

**Coverage Provided**

If an amount is shown for Coverage G on the Declarations Page, we will pay the damages which, because of bodily injury received aboard the insured boat, you are legally entitled to recover from the uninsured owner or operator of another boat which collides with the insured boat. "Uninsured boater" and "uninsured owner or operator" mean an owner or operator of a boat other than the boat named on the Declarations Page who is legally responsible for the collision, and:

A. to whom no liability policy applies; or

B. who cannot be identified (such as a hit-and-run operator).

If you and we do not agree whether that person is legally enti-

tled to recover damages under Coverage G, or as to the amount of damages, either party may make written demand for arbitration. Each party will select and pay for a competent arbitrator. The arbitra-

tors will select a third person to settle any differences. If they cannot agree on the selection of a third arbitrator within thirty (30) days, either may request that selection be made by a judge of a court having jurisdiction.

Arbitration will take place in the county where the insured lives, unless both parties agree otherwise. Local rules of law regarding procedure and evidence will apply.

A written agreement by two of the arbitrators will be binding as to whether the insured is legally entitled to recover damages under this coverage and the amount of these damages.

Each party will pay the expenses it incurs and share the expenses of the third arbitrator equally.

7

FROM :                    PHONE NO. :                    Jun. 16 2003 12:07PM P13

## Exclusions

We do not provide Uninsured Boater coverage:

A. for claims settled without our written consent;

B. for boats owned by or furnished for regular use by you, a member of your family, or any person insured by this policy;

C. for anyone using the Insured boat without permission; or

D. when the boat named in this policy is being chartered; or

E. when no evidence of physical contact exists between the insured boat and an unidentified boat, or when no evidence of physical contact exists between the insured boat and an unidentified boat.

This coverage will not apply directly or indirectly to the benefit of any insured under any state or federal compensation law or act.

## Limit Of Liability

Payment under this coverage shall be reduced by:

A. all sums paid by or on behalf of those legally responsible;

B. all sums paid by any state or federal compensation law or act; or

C. all sums paid under the Boating Liability or Medical Payments coverages of this policy.

Payment under this coverage to or for an insured person will reduce the amount that person is entitled to recover from the Boating Liability or Medical Payments coverages of this policy.

The amount shown for Uninsured Boater coverage on the Declarations Page is the most we will pay under Coverage G, regardless of the number of insured persons, claims made, or boats involved in any one accident, or series of accidents arising out of the same event.

## General Conditions

### Cancellation

You may cancel the policy at any time by returning it to us or by providing us with advance written notification of the cancellation date.

Subject to the requirements of state law, we may cancel this policy by notifying you in writing before the date the cancellation is to take place. Ten (10) days notice will be given if we cancel for nonpayment of premium. The cancellation notice will be mailed to you at the address shown on the Declarations Page, and proof of such mailing shall be sufficient proof of notification. The return premium will be calculated on a pro-rata basis. In the event of a total or constructive total loss, and leaving cancellation, no notice need be sent and the full annual premium will be due.

### The Pleasure Limitation

There is no coverage during any period of chartering, leasing, or commercial use or operation unless you have prior written permission from us. You are not covered if the boat is used for illegal activities.

### Other Insurance

If there is any other available insurance that would apply in the loss,

### Transfer Of Interest

Coverage provided by us will terminate automatically if you sell or assign the boat or boat, or any interest in the policy, without our prior written consent; or if the boat is legally removed from your custody.

### Benefit To Bailee

No person or organization having custody of the property insured and being compensated for services shall benefit from this insurance.

### Fraud And Concealment

There is no coverage from the beginning of this policy if you or your agent has omitted, concealed, misrepresented, sworn falsely, or attempted fraud in reference to any matter relating to this insurance before or after any loss.

8

**General Conditions Continued**

**Legal Action Against Us**

No legal action may be brought against us unless there has been full compliance with all terms of the policy. With respect to any claim or loss to insured property, the action must begin within two years of the date of loss or damage. With respect to any other claim or loss, no legal action may be brought against us until we agree in writing that the insured has an obligation to pay a specified amount, or until the amount of that obligation has been finally determined by judgment after trial. No one has a right under this policy to bring us into any action to determine the liability of an insured. If any time limitations of this policy are prohibited or invalid under applicable law, then legal action against us must begin within the shortest limitation of time permitted by such law.

**Racing Exclusion**

We will not cover powerboats while engaged in any speed race or test. We do cover practiced log courses or similar competitions and sailboat racing.

**Radioactive, Seizure, Nuclear Exclusion**

We will not pay for any loss or damage resulting from:

A. radioactive contamination or nuclear reaction;
B. war (declared or undeclared), civil war, insurrection, rebellion, revolution, or any consequence of these; or
C. capture, seizure, arrest or detainment of the boat by any governmental power or authority, whether lawful or unlawful. In the absence of unlawful activities, however, we will pay for any physical damage to the boat or its equipment caused by United States governmental authorities.

*[signatures]*
Secretary                    Chairman of the Board

**POLICY ASSISTANCE 1-800-283-2883**

Ask for an UNDERWRITER if you have a question about policy coverage, premium, or are moving boats.

Ask for POLICY SERVICE if you need policy confirmation for your bank, have paid off a loan, or sold the boat.

Ask for MARINE INSURANCE ACCOUNTS if you need information on making payment arrangements.

**TO REPORT A CLAIM, 7 DAYS A WEEK:**
**1-800-937-1937 /a**

- In the event of an accident
- See to the welfare of all injured people
- Do not disclose fault or cause
- Notify the appropriate legal officials
- Notify BoatUS immediately

9

EDO-00100

**BoatU.S.**
**MARINE INSURANCE PROGRAM**
WASHINGTON NATIONAL HEADQUARTERS
880 South Pickett Street
Alexandria, Virginia 22304

Telephones:
Direct Marine Insurance: 1-800-283-2883
For Claims Only: 1-800-937-1937
For all other BoatU.S. calls: 703-823-9550
Fax: 703-461-2840

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)___The Continental Casualty Co. vs. Murray, et al___

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See

    local rule 40.1(a)(1)).

    ☐    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    ☒    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐    V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    No

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES ☐    NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See
    28 USC §2403)

                                                                    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES ☐    NO ☒

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES ☐    NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                                    YES ☒    NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division ☒        Central Division ☐        Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
          agencies, residing in Massachusetts reside?

          Eastern Division ☐        Central Division ☐        Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
    yes, submit a separate sheet identifying the motions)

                                                                    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Lauren Motola-Davis and Michael T. Farley___

ADDRESS ___Morrison Mahoney LLP, 121 South Main Street, Suite 600, Providence, RI 02903___

TELEPHONE NO. ___401-331-4660___

(Coversheetlocal.wpd - 10/17/02)

%JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

The Continental Casualty Company

**(b)** County of Residence of First Listed Plaintiff   N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Morrison Mahoney LLP
121 South Main Street
Providence, RI 02903        (401) 331-4660
Lauren Motola-Davis and Michael T. Farley

## DEFENDANTS

Estate of Kenneth J. Murray, John J Murray as personal representative of the Estate of Kenneth J. Murray; Robert Burnish, Joseph Mazurek, Paul Helmie and Richard Wezeo

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties
       in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                       and One Box for Defendant)

|  | DEF |  | DEF |
|---|---|---|---|
| Citizen of This State ☐ 1 | ☐ 1 | Incorporated or Principal Place ☐ 4 | ☐ 4 |
|  |  | of Business in This State |  |
| Citizen of Another State ☐ 2 | ☐ 2 | Incorporated and Principal Place ☐ 5 | ☐ 5 |
|  |  | of Business in Another State |  |
| Citizen or Subject of a ☐ 3 | ☐ 3 | Foreign Nation ☐ 6 | ☐ 6 |
| Foreign Country |  |  |  |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIW W (405 (g)) | ☐ 893 Environmental Matters |
|  | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
|  | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to
       District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

This is an admiralty insurance action. The plaintiff seeks a declaration as to the rights of the respective parties.

## VII. REQUESTED IN   ☐ CHECK IF THIS IS A CLASS ACTION   DEMAND $   CHECK YES only if demanded in complaint:
COMPLAINT:   UNDER F.R.C.P. 23   JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDG
E

DOCKET NUMBER

DATE   8/12/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #        AMOUN        APPLYING IFP        JUDGE        MAG. JUDGE