UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONTINENTAL CASUALTY COMPANY,          \*
    Plaintiff/Defendant in Counterclaim,       \*
                                            \*          C.A. NO. 05-11688 WGY

v.                                     \*
                                            \*

ESTATE OF KENNETH J. MURRAY, and       \*
ROBERTA MURRAY, as Personal Representative \*
of the Estate of Kenneth J. Murray,    \*          ANSWER
    Defendants/Plaintiffs in Counterclaim, and   \*
                                            \*

ROBERT BURNISH, JOE MAZUREK,           \*
PAUL HELMLE, RICHARD WEZEL,            \*
    Defendants.                        \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### THE DEFENDANTS, ESTATE OF KENNETH J. MURRAY AND ROBERTA MURRAY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

### THE DEFENDANTS DEMAND A TRIAL BY JURY AS TO ALL ISSUES

      The Defendants, ESTATE OF KENNETH J. MURRAY and ROBERTA MURRAY ("the Defendants"), denying each and every allegation of the Plaintiff's Complaint unless specifically admitted, answer each numbered paragraph as follows[1]:


### JURISDICTION AND VENUE

1.      As to paragraph 1, the defendants state that the Complaint speaks for itself.

2.      As to paragraph 2, the defendants admit that this venue is appropriate but deny that the deceased, Kenneth J. Murray, resided in a "P.O. Box."

3.      As to paragraph 3, the defendants admit only that this court has jurisdiction pursuant to

---

[1] Pursuant to the April 18, 2006 Stipulation entered into by these defendants and the Plaintiff, all instances of "Roberta Kaplan" and/or "John J. Murray" in the Complaint are herein answered on behalf of "Roberta Murray."

28 U.S.C. § 1333(1), the General Maritime Law, and diversity of citizenship pursuant to 28 U.S.C. § 1332 with an amount in controversy in excess of $75,000.  The Defendants deny the remainder of the allegations therein.

## PARTIES

4.    As to paragraph 4, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove the same.

5.    As to paragraph 5, the defendants admit the allegations therein.

6.    As to paragraph 6, the defendants admit the allegations therein.

7.    As to paragraph 7, this paragraph does not pertain to either of the answering defendants and so no further answer is required.

8.    As to paragraph 8, this paragraph does not pertain to either of the answering defendants and so no further answer is required.

9.    As to paragraph 9, this paragraph does not pertain to either of the answering defendants and so no further answer is required.

10.    As to paragraph 10, this paragraph does not pertain to either of the answering defendants and so no further answer is required.

## FACTUAL ALLEGATIONS

11.    As to paragraph 11, the defendants admit only that on April 12, 2000, Mr. Murray submitted an application seeking insurance coverage for a 25' Stieger Craft built in 1988.

12.    As to paragraph 12, the defendants state that the copy of the application speaks for itself and otherwise deny the allegations therein.

13.    As to paragraph 13, the defendants admit only that the original policy no. 1524372-00 provided coverage for the term April 1, 2000-April 1, 2001.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations therein, and call upon the plaintiff to prove the same.

14.    As to paragraph 14, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove the same.

15.    As to paragraph 15, the defendants state that the Policy speaks for itself and otherwise deny the allegations therein.

16.    As to paragraph 16, the defendants state that the Declarations Page and the Policy speak for themselves and otherwise deny the allegations therein.

17.    As to paragraph 17, the defendants admit the allegations therein but state that Quicks Hole is the passage between Vinyard Sound and Buzzards Bay.  Rather than "off of Martha's Vineyard," the passage is actually located between Mahamena and Pasque Islands.  *See* NOAA Chart at left. 

18.    As to paragraph 18, the defendants deny the allegations therein and state that they are aware of no such claims.  In support of this statement, please find Releases executed by Brunish, Helmle, and Wezel attached as Exhibit A.  At this time, the defendants expect that Mazurek shall forward a similar Release in short order.  The defendants further add

that Kenneth J. Murray was killed during the "incident."

19.    As to paragraph 19, the defendants admit the allegations therein.

20.    As to paragraph 20, the defendants denies the allegations therein.

21.    As to paragraph 21, the defendants deny that claims shall be forthcoming from Brunish, Mazurek, Helmle, and Wezel.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and call upon the plaintiff to prove the same.

22.    As to paragraph 22, the defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and call upon the plaintiff to prove the same.

23.    As to paragraph 23, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove the same.

24.    As to paragraph 24, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove the same.

25.    As to paragraph 25, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove the same.

26.    As to paragraph 26, the defendants deny the allegations therein and also request a more definite statement of the allegations therein.

## COUNT I

27.     Paragraphs 1-26 are realleged and incorporated herein.

28.     As to paragraph 28, the defendants state that the policy speaks for itself.

29.     As to paragraph 29, the defendants state that the application speaks for itself and deny the
allegations therein.

30.     As to paragraph 30, the defendants are without knowledge or information sufficient to
form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove
the same.

31.     As to paragraph 31, the defendants are without knowledge or information sufficient to
form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove
the same.

32.     As to paragraph 32, the defendants admit that they demand payment for damages suffered
and deny the reminder of the allegations therein.

33.     As to paragraph 33, the defendants are without knowledge or information sufficient to
form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove
the same.

34.     As to paragraph 34, the defendants are without knowledge or information sufficient to
form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove
the same.

## REQUEST FOR RELIEF

a)     That this court dismiss each part of the Complaint on its merits;

b)     That this court declare the insurance policy enforceable and order that the defendants'

claim be honored by way of payment in full for defendants' losses;

c)   That this court award the defendants their costs, disbursements and attorney fees; and

d)   For such other relief as this court deems appropriate.

## COUNT  II

35.   Paragraphs 1-34 are realleged and incorporated herein.

36.   As to paragraph 36, the defendants state that the Policy speaks for itself.

37.   As to paragraph 37, the defendants state that the Application speaks for itself.

38.   As to paragraph 38, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove the same.

39.   As to paragraph 39, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove the same.

40.   As to paragraph 40, the defendants admit that they demand payment for damages suffered and deny the reminder of the allegations therein.

41.   As to paragraph 41, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove the same.

42.   As to paragraph 42, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and call upon the plaintiff to prove the same.

## **REQUEST FOR RELIEF**

a)      That this court dismiss each part of the Complaint on its merits;

b)      That this court declare the insurance policy enforceable and order that the defendants'

claim be honored by way of payment in full for defendants' losses;

c)      That this court award the defendants their costs, disbursements and attorney fees; and

d)      For such other relief as this court deems appropriate.

## **DEMAND FOR JURY TRIAL**

The defendants, ESTATE OF KENNETH J. MURRAY and ROBERTA MURRAY, demand a trial by jury for all of the issues and all of the counts alleged by the plaintiff in their Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The defendants state that the plaintiff's Complaint should be dismissed against the defendants pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

The defendants state that any acts or omissions alleged by the plaintiff in their Complaint were caused by the acts and/or omissions of third parties – specifically the plaintiff's agents and/or brokers, over which the defendants exercised no control, and for which the defendants are and were not responsible.

### THIRD DEFENSE

The defendants state that any acts or omissions alleged by the plaintiff in their Complaint were caused by the intervening and superseding acts and/or omissions of third parties – specifically the plaintiff's agents and/or brokers, which acts and/or omissions the defendants did not and reasonably could not foresee.

### FOURTH DEFENSE

The defendants state that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

<u>FIFTH DEFENSE</u>

The defendants state that under the Doctrine of *Uberrimae Fidei* (American) a policy of maritime insurance may only be declared void *ab initio* if the fact not disclosed was material <u>and</u> directly and/or causally related to the loss.  The fact that the vessel was chartered at the time is not related to its loss or the death of Kenneth J. Murray.  Further, none of the passengers have or, upon information and belief, shall be filing claims as none were injured as a result of the incident.

<u>SIXTH DEFENSE</u>

The defendants state that the plaintiff had ample opportunity to discover facts related to the vessel's past and to cancel coverage.

<u>SEVENTH DEFENSE</u>

The defendants state that in an application for insurance all ambiguities shall be construed in favor of the applicant.

<u>EIGHTH DEFENSE</u>

The defendants state that Massachusetts State Law shall apply in these proceedings and not the federal doctrine of *uberrimae fidei*.

<u>NINTH DEFENSE</u>

The defendants state that the vessel was maintained in a seaworthy condition at all times.

TENTH DEFENSE

The defendants state that, if applicable, the plaintiff breached its duty of *uberrimae fidei* for their failure to adequately investigate the defendants' claim and failure to resolve the coverage issues.


ELEVENTH DEFENSE

The defendants state that the vessel was reasonably suitable for her intended use.



Respectfully submitted,
Estate of Kenneth J. Murray and
Roberta Murray,
By their attorney,


/s/ David B. Kaplan_____
DAVID B. KAPLAN
**THE KAPLAN BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
B.B.O. No. 258540

Date: April 21, 2006

# Exhibit A

**R E L E A S E**

I, PAUL HEMLE, of Packerford, Pennsylvania do hereby release and discharge the said

THE CONTINENTAL CASUALTY COMPANY

from any and all claims, demands, actions and causes of action of every name and nature which I now have or might have upon or against said

THE CONTINENTAL CASUALTY COMPANY

and especially from all claims arising out of any and all personal injuries, damages, expenses and any loss or damage whatsoever, resulting or to result from an accident to myself on or about the 19th day of June 2005. In further consideration of the above payment, I for myself, my heirs, next of kin, executors, administrators, successors, and assigns covenant and agree to indemnify and hold harmless the said

THE CONTINENTAL CASUALTY COMPANY

from all claims, demands, and suits for damages, costs, loss of services, expenses or compensation which I or my heirs, next of kin, executors, administrators, successors, or assigns have or may have on account of or in any way growing out of said accident or its results. I am over 21 years of age and I understand that liability is denied by said

THE CONTINENTAL CASUALTY COMPANY

who has made no agreement or promise to do or omit to do any act or thing not herein set forth, and I further understand that this release is to compromise and terminate all claims for injuries or damages of whatever nature, known or unknown, including future developments thereof, in any way growing out of or connected, or which may hereinafter in any way grow out of or be connected, with said accident.

WITNESS MY HAND AND SEAL THIS __6__ DAY OF ~~FEBRUARY~~ 2006

*PAU*
*mARch*

*Paul A Hemle*

PAUL HEMLE

The foregoing instrument was read to PAUL HEMLE who said that he understood it; that he knew that in signing it he was setting up an effectual bar to any recovery at law for injuries therein referred to; that he was satisfied with making such a release, and he signed it, all in our presence, this ____ day of February 2006.

_____          _____
(Name)                                              (Name)

_____          _____
(Address)                                           (Address)

_____          _____
(City, State)                                       (City, State)

## R E L E A S E

I, ROBERT BURNISH, of Pottstown, Pennsylvania do hereby release and discharge the said

### THE CONTINENTAL CASUALTY COMPANY

from any and all claims, demands, actions and causes of action of every name and nature which I now have or might have upon or against said

### THE CONTINENTAL CASUALTY COMPANY

and especially from all claims arising out of any and all personal injuries, damages, expenses and any loss or damage whatsoever, resulting or to result from an accident to myself on or about the 19th day of June 2005. In further consideration of the above payment, I for myself, my heirs, next of kin, executors, administrators, successors, and assigns covenant and agree to indemnify and hold harmless the said

### THE CONTINENTAL CASUALTY COMPANY

from all claims, demands, and suits for damages, costs, loss of services, expenses or compensation which I or my heirs, next of kin, executors, administrators, successors, or assigns have or may have on account of or in any way growing out of said accident or its results. I am over 21 years of age and I understand that liability is denied by said

### THE CONTINENTAL CASUALTY COMPANY

who has made no agreement or promise to do or omit to do any act or thing not herein set forth, and I further understand that this release is to compromise and terminate all claims for injuries or damages of whatever nature, known or unknown, including future developments thereof, in any way growing out of or connected, or which may hereinafter in any way grow out of or be connected, with said accident.

WITNESS MY HAND AND SEAL THIS _13_ DAY OF ~~FEBRUARY~~ 2006

*MARCH*

*Robert S Brunish*

ROBERT ~~BURNISH~~
*Brunish*

The foregoing instrument was read to ROBERT BURNISH who said that he understood it; that he knew that in signing it he was setting up an effectual bar to any recovery at law for injuries therein referred to; that he was satisfied with making such a release, and he signed it, all in our presence, this ____ day of February 2006.

_____        _____
(Name)                                      (Name)

_____        _____
(Address)                                   (Address)

_____        _____
(City, State)                               (City, State)

## AFFIDAVIT

BE IT ACKNOWLEDGED, that                    Richard H.B. Wezel

of              977 Spring City Road; Phoenixville, Pennsylvania          the undersigned

deponent, being of legal age, does hereby depose and say under oath as follows:

That he was a paying passenger aboard a 1988 25' Stieger Craft Power Vessel owned and
operated by the decedent Kenneth J. Murray. On 19 June 2005, this boat was involved in an
accident off of Martha's Vineyard, in which the owner of the vessel Kenneth Murray drowned.
I, Richard H.B. Wezel, hereby release and will hold harmless The Continental Casualty
Company; the Estate of Kenneth J. Murray, John J. Murray as Personal Representative from any
and all claims present and future as a result of this accident.

And I affirm that the foregoing is true except as to statements made upon information

and belief, and as to those I believe them to be true.

Witness my hand under the penalties of perjury this 10th day of September

(year). 2005

| | |
|---|---|
| _Elaine L. Wezel_ | _Richard H.B. Wezel_ |
| Signature of Witness | Signature of Deponent |
| Elaine L. WEZEL | Richard H.B. WEZEL. |
| Name of Witness | Name of Deponent |
| 977 Spring City Road | 977 Spring City Road |
| Address of Witness | Address of Deponent |
| Phoenixville, PA 19460 | Phoenixville PA, 19460 |

STATE OF PA
COUNTY OF Montgomery

On 9/10/05 before me, _____ personally appeared _____
, personally known to me (or proved to me
on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.
WITNESS my hand and official seal.

Signature _____

Affiant  ____/____ Known  _____ Unknown
ID Produced
                                                      (Seal)
Notarial Seal
Steven J. Wezel, Notary Public
Lower Pottsgrove Twp., Montgomery County
My Commission Expires Jan. 29, 2006

Member, Pennsylvania Association of Notaries

ZZHHAHAQ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
************************************************
CONTINENTAL CASUALTY COMPANY,          *
        Plaintiff/Defendant in Counterclaim,   *
                                       *        C.A. NO. 05-11688 WGY
v.                                     *
                                       *
ESTATE OF KENNETH J. MURRAY, and       *
ROBERTA MURRAY, as Personal Representative *
of the Estate of Kenneth J. Murray,    *        COUNTERCLAIM
        Defendants/Plaintiffs in Counterclaim, and *
                                       *
ROBERT BURNISH, JOE MAZUREK,           *
PAUL HELMLE, RICHARD WEZEL,            *
        Defendants.                    *
************************************************
```

### ESTATE OF KENNETH J. MURRAY AND ROBERTA MURRAY'S COMPULSORY COUNTERCLAIM AGAINST CONTINENTAL CASUALTY COMPANY

### PLAINTIFFS IN COUNTERCLAIM DEMAND A TRIAL BY JURY AS TO ALL ISSUES

### JURISDICTION AND VENUE

1.    This court has jurisdiction pursuant to 28 U.S.C. § 1333(1), the General Maritime Law, and diversity of citizenship pursuant to 28 U.S.C. § 1332 with an amount in controversy in excess of $75,000.

2.    Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

3.    The plaintiff in counterclaim, ESTATE OF KENNETH J. MURRAY ("plaintiffs"), is the successor in interest to the decedent, Kenneth J. Murray ("Murray"), and at all relevant times was a resident of Massachusetts and the Captain of the M/B LAST CALL

("vessel").

4.      The plaintiff in counterclaim, ROBERTA MURRAY ("plaintiffs"), is the administratrix of the ESTATE OF KENNETH J. MURRAY and is a resident of Massachusetts.

5.      The defendant in counterclaim ("defendant"), CONTINENTAL CASUALTY COMPANY, is an Illinois corporation with a principle place of business at 40 Wall Street, New York, NY, and at all relevant times, was doing business in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

6.      Murray purchased the M/B LAST CALL on March 28, 1991 and at that time became her owner and operator.

7.      At all relevant times the vessel was seaworthy and fit for its intended use.

8.      Murray submitted an application for marine insurance to BoatUS Marine Insurance ("BoatUS") on April 12, 2000.

9.      BoatUS typed some of Murray's answers in the Application, particularly the response of "YES" to the question, "Private Pleasure Use Only?".

10.     Some portions of the Application were left blank.

11.     BoatUS did not discuss, confirm, or verify any of the information provided on the Application or any of the disclosures made by Murray with Murray.

12.     From April 1, 2000 through the loss of the vessel, BoatUS never made any inquiries regarding the vessel's past or current use.

13.     BoatUS never informed Murray that the information supplied in the original application would be re-applied to each renewal of his policy.

2

14.     Upon information and belief, the defendant originally issued Murray a yacht policy no. 1524372-00 ("policy"), effective April 1, 2000 through April 1, 2001.

15.     On June 19, 2005, while the vessel was in navigable waters and while Murray was in the exercise of due care, the vessel was caused to capsize while being towed by M/B POP'S TOY through Quicks Hole in Buzzard's Bay.

16.     The four passengers were rescued by a nearby recreational boat, the M/B MARRY & PHYLLIS.

17.     Murray was unable to be resuscitated and was subsequently pronounced dead aboard the vessel that had retrieved his body, the M/B PLAY TIME.

18.     The plaintiffs submitted a claim to BoatUS prior to June 23, 2005.

19.     The defendant responded to defendants' claim on June 23, 2005.

20.     The defendant sent a Reservation of Rights letter to plaintiffs on July 12, 2005 and shortly thereafter denied any and all coverage.

21.     On August 15, 2005, the defendant sued their customer in a bad faith effort to avoid paying the claim, or in the alternative, to mitigate the sum they shall be required to pay.

## **COUNT I**

### **(Breach of Contract)**

22.     Paragraphs 1-21 are realleged and incorporated herein.

23.     Murray and the defendant entered into a contract for insurance.

24.     Murray at all times complied with the terms of the contract for insurance.

25.     Defendant breached this contract for insurance by refusing to cover the plaintiffs' loss.

26.     Defendant breached this contract by their failure to pay the loss within thirty days of

3

proof of loss and interest.

27.    Plaintiffs suffered and continue to suffer financial losses as a result of the defendant's breach of contract.

28.    This cause of action is brought under the General Maritime Law based upon breach of a maritime contract.

## REQUEST FOR RELIEF

29.    That this court, under Count I, enter judgment in favor of the plaintiffs against the defendant.

30.    That this court order defendant to pay the full amount insured.

31.    For such other relief as this court deems appropriate.

## COUNT  II

### (Negligent Misrepresentation)

32.    Paragraphs 1-31 are realleged and incorporated herein.

33.    The plaintiffs and the defendant entered into a contract for maritime insurance whereby the defendant was to provide coverage for the M/B LAST CALL in exchange for premiums paid.

34.    After the plaintiffs filed a claim for the loss of the vessel, the defendant negligently misrepresented the terms of the insurance contract.

35.    The plaintiffs relied upon the representations of the defendant as manifested in the policy at issue and suffered and continue to suffer financial losses as a result of the defendant's negligent misrepresentation in altering the terms of the contract after the policy was

issued and after the plaintiffs had filed their claim for the loss of the vessel.

36.     The defendant had a duty to ensure that the Application form was free of defects and unambiguous.

37.     The defendant had a duty to clarify and or verify all information provided by the applicant and/or contained on the Application.

38.     This cause of action is brought under the General Maritime Law based upon negligent misrepresentation.

## **REQUEST FOR RELIEF**

39.     That this court, under Count II, enter judgment in favor of the plaintiffs against the defendant.

40.     For such other relief as this court deems appropriate.

## **COUNT  III**

### **(Breach of Warranty)**

41.     Paragraphs 1-40 are realleged and incorporated herein.

42.     The defendant made several warranties in the insurance contract.

43.     The defendant breached the warranties in the insurance contract.

44.     The plaintiffs, as a result of defendant's breach, suffered and continue to suffer financial losses.

45.     This cause of action is brought under the General Maritime Law based upon breach of warranty.

## REQUEST FOR RELIEF

46.    That this court, under Count III, enter judgment in favor of the plaintiffs against the defendant.

47.    For such other relief as this court deems appropriate.

## COUNT  IV

## (M.G.L. c. 176D)

48.    Paragraphs 1-47 are realleged and incorporated herein.

49.    The actions of defendant constituted an unfair claim settlement practice within the meaning of M.G.L. c. 176D.

50.    Defendant misrepresented pertinent facts or insurance policy provisions relating to the coverage at issue.

51.    Defendant failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy.

52.    Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

53.    Defendant refused to pay plaintiff's claim without conducting a reasonable investigation based upon all available information.

54.    Defendant, in suing their insured, is compelling plaintiffs to litigate, and absorb the cost of such litigation, in order to recover the amount due under the policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

55.    As a direct and proximate result of the unfair claim settlement practice of defendant,

plaintiffs suffered and continue to suffer financial losses.

56.   Defendant's use and employment of an unfair claim settlement practice was a willful and knowing violation of M.G.L. c. 176D.

57.   The defendant's refusal to grant reasonable relief upon demand was in bad faith with knowledge or reason to know that the acts and practices complained of were in violation of Chapter 176D.

58.   This cause of action is brought under M.G.L. c. 176D.

## REQUEST FOR RELIEF

59.   That this court, under Count IV, enter judgment in favor of the plaintiffs against the defendant.

60.   That this court find that the conduct of defendant was a violation of Chapter 176D.

61.   That this court find that the actions of defendant were a knowing violation of Chapter 176D and/or that the refusal to grant reasonable relief upon demand was made in bad faith.

62.   That this court find plaintiff was injured and their rights adversely affected entitling them to recovery under Chapter 93A.

63.   That this court award plaintiff treble damages and attorney's fees on their claims.

64.   For such other relief as this court deems appropriate.

**PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
ESTATE OF KENNETH J. MURRAY and
ROBERTA MURRAY
By their attorney,


/s/ David B. Kaplan_____
DAVID B. KAPLAN
**THE KAPLAN BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
B.B.O. No. 258540


Date: April 21, 2006