UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*********************************************
CONTINENTAL CASUALTY COMPANY,          *
        Plaintiff/Defendant in Counterclaim,    *
                                       *          C.A. NO. 05-11688 WGY
v.                                     *
                                       *
ESTATE OF KENNETH J. MURRAY, and       *
ROBERTA MURRAY, as Personal Representative *
of the Estate of Kenneth J. Murray,    *
        Defendants/Plaintiffs in Counterclaim, and *
                                       *
ROBERT BURNISH, JOE MAZUREK,           *
PAUL HELMLE, RICHARD WEZEL,            *
        Defendants.                    *
*********************************************
```

## LOCAL RULE 16.1 JOINT STATEMENT OF THE PARTIES AND PROPOSED SCHEDULING ORDER

The undersigned parties in the above-captioned action, by their attorneys, submit the following joint statement and proposed joint scheduling order pursuant to the provisions of Fed.R.Civ.P. 16(b) and Local Rule 16.1. The scheduling conference in this matter is currently set for 2 p.m. on Monday May 8, 2006.

1.      Nature of the Case

Continental Casualty Company's Statement of the Case:

This action concerns the issue of whether a policy of marine insurance issued by the Plaintiff CONTINENTAL to the Kenneth J. Murray affords coverage for damages as referenced in the Complaint for Declaratory Judgment.

On or about June 19, 2005 an incident occurred while Kenneth Murray was operating the 1988 25 ft Stieger Craft power vessel which he owned and which was insured under a policy of

marine insurance issued by the Plaintiff. Coverage for the vessel's Hull & Machinery was afforded in the amount of $13,000.00, and for Protection & Indemnity in the amount of $500,000.00. In the course of the said incident of June 19, 2005, Kenneth Murray Murray was killed, while the said vessel was damaged and personal injuries sustained by the Defendants Robert Brunish, Joe Mazurek, Paul Helmle and Richard Wezaeo who were aboard the vessel as paying passengers pursuant to a charter agreement between the said Defendants and Kenneth J. Murray.

Claim has been made for payment of the $13,000.00 in coverage afforded under the policy's Hull & Machinery coverage. Plaintiff has a reasonable belief that claim either has or will be made against the Estate of Kenneth J. Murray and/or against Roberta Murray as Personal Representative of the Estate of Kenneth J. Murray by the Defendants who were aboard as paying passengers seeking damages for various personal injuries allegedly sustained.

Based upon an investigation that it caused to be conducted into the facts and circumstances surrounding the incident of June 19, 2005, Plaintiff denied any and all coverage on the basis of misrepresentation of material facts and the exclusion of coverage during any time that the insured vessel is being chartered, leased or used commercially.


Estate of Kenneth J. Murray and Roberta Murray Statement of the Case:

On June 19, 2005, Kenneth J. Murray's ("decedent") vessel, the M/B LAST CALL ("vessel"), experienced engine trouble, was offered assistance by a good Samaritan and capsized during the Samaritan's tow through Quicks Hole near Middle, Massachusetts.  The incident resulted in Mr. Murray's death, substantial damage to the vessel and the destruction and/or loss of all property aboard her at the time.

2

The Plaintiff/Defendant in Counterclaim, Continental Casualty Company ("CCC"), claims that personal injuries were sustained by the Defendants, Robert Brunish, Paul Helmle, Richard Wezel and Joe Mazurek ("passengers").  All four passengers were passengers for hire at the time of the incident.

The Defendants/Plaintiffs in Counterclaim Estate of Kenneth J. Murray and Roberta Murray ("Decedent's Estate"), claim that none of the four passengers were injured and that, upon information and belief, none of them shall be pursuing claims against any other party in relation to the incident.  In support of such claim, the Decedent's Estate has attached releases signed by Brunish, Helmle and Wezel to their Answer, and, based upon information and belief, expects that an identical release shall be forthcoming from Mazurek.

Except for the above-stated releases, none of the passengers have entered an appearance or answered the Complaint.

The decedent had a policy of insurance originally issued by CCC in April 2000.  This policy was issued based upon a review of the Application submitted by the Decedent in 2000. Based upon an investigation that it caused to be conducted into the facts and circumstances surrounding the incident, CCC has refused to cover the Decedent's loss claiming that his charter activities on the day of the incident were a manifestation of the misrepresentation of a material fact that excluded all coverage during such activities.  As a result, CCC has filed this action for declaratory judgment asking the court to void the Decedent's policy *ab initio*.

The issue now before the court falls within the Federal Doctrine of *Uberrimae Fidei* and involves the question of whether a misrepresentation unrelated to a loss may serve to void a contract for maritime insurance *ab initio*.

3

II.    <u>Obligation of Counsel to Confer</u>

Pursuant to LR 16.1(B) Counsel have conferred for the purpose of:

1.  preparing an agenda of matters to be discussed at the scheduling conference as follows:

   a.  Proposed pre-trial schedule

   b.  Status of settlement negotiations

2.  preparing a proposed pretrial schedule that includes a plan for discovery (see below); and

3.  considering whether they will consent to trial by Magistrate Judge as follows:

   a.  The parties do not, at present, consent to trial by a Magistrate Judge

<u>ADR</u>

Counsel agree to explore the possibilities of alternative dispute resolution upon the completion of discovery.

III.    <u>Settlement Proposals</u>

Pursuant to LR 16.1(C), the Decedent's Estate has presented a written settlement proposal to CCC.  Counsel for CCC will confer with an authorized representative of their client on the subject of settlement and will respond to the proposal prior to or at the scheduling conference.

In its role as Plaintiff, CCC has not presented a written settlement proposal due to its position that it is unnecessary as this is an action for declaratory judgment.

4

IV.    LR 16(D) Proposed Joint Discovery Plan

The above entitled action was filed on August 15, 2005.  The Decedent's Estate filed an appearance on March 7, 2006, and answered the complaint on April 21, 2006 with a counterclaim against CCC.  CCC's answer to the counterclaim is due May 12, 2006.

Pursuant to Fed.R.Civ.P. 16(b) and Local Rule 16.1(F) and after conferring pursuant to LR 16.1(D), counsel have agreed on the following dates:

(1)    WRITTEN DISCOVERY REQUESTS

Service of all **Interrogatories** and **Requests for Production of Documents** by July 3, 2006.

Service of **Requests for Admissions** by 20 Days Prior to Close of Discovery.

(2)    FACT WITNESS DEPOSITIONS

Noticed by October 20, 2006 and conducted by Close of Discovery.

(3)    EXPERTS

*CCC's* experts, including the information required by Fed.R.Civ.P. 26(a)(2) & (b)(4), and Local Rule 26.4, by August 11, 2006 and all depositions of such experts to be concluded by October 13, 2006.

*The Decedent's Estate's* experts, including the information required by Rules 26(a)(2) & (b)(4), F.R.Civ.P., and Local Rule 26.4, by September 15, 2006 and all depositions of such experts to be concluded by November 10, 2006.

**Disclosure of rebuttal experts** within 20 days of the disclosure of the expert to be rebutted and all depositions of such experts to be concluded by Close of Discovery.

(4)    DISCOVERY DEADLINE

By December 31, 2006.

(5)     DISPOSITIVE MOTIONS

By February 24, 2007 with any opposition filed within fourteen (14) days thereafter.

(6)     FINAL PRETRIAL CONFERENCE

The parties request a final pre-trial conference be held at the court's earliest convenience on or after March 24, 2007 with all lead counsel present and authorized to settle or proceed to trial.  Counsel will be prepared to commence trial as of the date of the final pre-trial conference.

V.     Certifications

Pursuant to LR 16.1(D)(3), counsel have conferred with their respective clients with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation and to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.  All parties shall file their certifications separately.

Respectfully submitted,

For Plaintiff/Defendant in Counterclaim,
CONTINENTAL CASUALTY
COMPANY,
By its Attorneys,

 /s/ Michael T. Farley_____
LAUREN MOTOLA-DAVIS
B.B.O. No. 638561
MICHAEL T. FARLEY
B.B.O. No. 640593
**MORRISON MAHONEY, LLP**
One Providence Washington Plaza, 6th
Floor
Providence, RI 02903
(401) 331-4660

For the Defendants/Plaintiffs in
Counterclaim,
ESTATE OF KENNETH J. MURRAY, and
ROBERTA MURRAY
By their attorney,

/s/ David B. Kaplan_____
DAVID B. KAPLAN
B.B.O. No. 258540
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080

Date: May 2, 2006